UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 5:21-CR-328-LHK |
| | ) | |
|    *Plaintiff,* | ) | STIPULATED ORDER EXCLUDING TIME |
| v. | ) | UNDER THE SPEEDY TRIAL ACT |
| | ) | |
| Salvador Castro | ) | |
|    *Defendant(s).* | ) | |

For the reasons stated by the parties on the record on  September 16, 2021 , the court excludes time under the Speedy Trial Act from  September 16, 2021  to  March 2, 2022  and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The court makes this finding and bases this continuance on the following factor(s):

  ____ Failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

  X The case is so unusual or so complex, due to [*check applicable reasons*] X the number of defendants, X the nature of the prosecution, or ____ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

  ____ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

  ____ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

  X Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

  ____ With the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, the court sets the preliminary hearing to the date set forth in the first paragraph and — based on the parties' showing of good cause — finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). *See* Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

**IT IS SO ORDERED.**

DATED:  September 23, 2021          */s/ Sallie Kim*
                     Sallie Kim
                     United States Magistrate Judge

STIPULATED: /s/ Charles Woodson      /s/ Katherine Griffin
          Attorney for Defendant     Assistant United States Attorney